**UNITED STATES of America, Appellee,**

v.

**Arthur Peter DZIALAK, Appellant.**

**Nos. 863, 864, Dockets 72–1368, 72–1487.**

United States Court of Appeals, Second Circuit.

Argued June 8, 1972.

Decided June 27, 1972.

222

See also, 2 Cir., 441 F.2d 212.

James W. Grable, Asst. U. S. Atty. (C. Donald O'Connor, Acting U. S. Atty., Western District of New York, Buffalo, N. Y., on the brief), for appellee.

L. F. Walentynowicz, Buffalo, N. Y., for appellant.

Before FRIENDLY, Chief Judge, and LUMBARD and MULLIGAN, Circuit Judges.

PER CURIAM:

This appeal from an order of the District Court for the Western District of New York, Henderson, J., denying appellant's motion for a reduction of sentence, brings this case before this court for the second time. We affirm.

Arthur Peter Dzialak was convicted on February 9, 1970, after a trial before Judge Henderson and a jury, on three felony counts and one misdemeanor count charging him with possession of property known to have been stolen from interstate commerce. 18 U.S.C. § 659. The facts leading to his arrest and conviction are fully explicated in our opinion at 441 F.2d 212 (1971), where we reversed the conviction as to one of the felony counts and affirmed as to the remaining counts. Dzialak urged, among other claims, that his convictions should be reversed because the sentence imposed by Judge Henderson was arbitrary, excessive and illegal. We noted that the prison sentences (one year on the misdemeanor charge and three years on each of the felony charges, to run concurrently) were well within the statutory limits. We did say, however, that it was difficult to comprehend why the district judge had imposed, in addition to the prison term, the maximum fine on each count ($5,000 in each of the felony counts and $1,000 on the misdemeanor), "particularly when one considers that the appellant is totally without assets. It seems to stand as a definite impediment to rehabilitation on the part of appellant." 441 F.2d at 218. Accordingly, while noting that this court is without jurisdiction to review the severity of sentences, we commended to the sound discretion of the district court any timely motion appellant might make for a reconsideration of the fine, F.R.Crim.P. 35. Dzialak thereupon made such a motion, which Judge Henderson denied.

Much of the property seized by F.B.I. Agents pursuant to a search warrant for

Dzialak's home was beyond the scope of the warrant. At the time of the hearing on the Rule 35 motion, both Dzialak and the Railway Express Agency (from whom the items legally seized under the warrant were stolen) claimed this property. Apparently Judge Henderson's denial of the motion at the hearing was in some measure influenced by the possibility that Dzialak's claim would prevail (as it subsequently did) and that he might have other fruits of his criminal activity available to him. The value of the property was estimated as between $2,000 and $3,000. Judge Henderson remarked:

> "Did the Appellate Court know that there is a whole cell of goods upstairs, the ownership of which is in dispute [?].
>
> \* \* \* \* \* \*
>
> "Look, the Appellate Court, in its wisdom, down there, doesn't know as much about this case as I do, and I know about that loot, and that is why that fine was imposed, basically, that and the possibility that your defendant, having apparently been in a major type of business of theft, might have had funds hidden away somewhere. So I imposed that fine thoughtfully, with that in mind, that if time revealed that he had some loot stashed away, that that would be made available to that fine."

Dzialak has argued vigorously that he has no funds secreted away, that he is under court order to pay $35.00 per week for the support of his wife and children, and that his earnings from employment have averaged about $100.00 a week. While we may agree with him that the fine (now amounting to $11,000 since reversal of one of the felony count convictions) seems unnecessarily harsh (Dzialak has no prior criminal history), and may indeed impede rehabilitation, we cannot say that this record presents any of the circumstances which would justify any deviation from the general rule that the courts of appeal have no jurisdiction to review the severity of sentences imposed by the district courts.

For example, although there is apparently no concrete evidence that Dzialak has "loot stashed away," we cannot say that the sentencing procedure here was clearly informed by "misinformation of constitutional magnitude," United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 592, 30 L.Ed.2d 592 (1972) or that the overall sentence was improperly or unduly influenced by the felony count conviction subsequently overturned on appeal, *cf.* McGee v. United States, 2d Cir. Apr. 18, 1972, slip op. 2699.

Affirmed.